## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED, INC.,** ) | |
| 111 East 18th Street, 13th Floor ) | |
| New York, NY 10003 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 19-cv-00070 |
| ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| 950 Pennsylvania Avenue, NW ) | |
| Washington, DC 20530-0001 ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.     Plaintiff BuzzFeed, Inc. brings this Freedom of Information Act lawsuit to force Defendant Department of Justice to disclose the memorandum directing Matthew G. Whitaker to perform the duties and functions of the Office of Attorney General and each version of the public financial disclosure forms Mr. Whitaker filed with the Office of Government Ethics.

## PARTIES

2.     Plaintiff BuzzFeed, Inc. is a media organization with its principal place of business in New York, NY.

3.     Defendant Department of Justice ("DOJ") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.     This case is brought under 5 U.S.C. § 552(a)(6)(C)(i) and presents a federal question conferring jurisdiction on this Court.

5.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

**A.    The Acting Attorney General Memorandum**

6.    On November 7, 2018, then-Attorney General Jefferson B. Sessions III submitted a resignation letter. *See* Zoe Tillman, *President Trump Has Forced Attorney General Jeff Sessions To Resign*, BuzzFeed News (Nov. 7, 2018), https://bit.ly/2LWACZJ.

7.    The resignation letter was submitted at the request of President Donald J. Trump.

8.    The resignation letter was undated.

9.    That same day, Mr. Trump announced via his presidential Twitter account @realDonaldTrump[1] that Mr. Sessions' Chief of Staff and Senior Counselor Mr. Whitaker would become the Acting Attorney General of the United States:



10.    Mr. Trump added:



11.    Mr. Whitaker's appointment was met with controversy.

---

[1] *See Knight First Amendment Inst. v. Trump*, 302 F.Supp.3d 541, 567 (S.D.N.Y. 2018) ("[T]he President presents the @realDonaldTrump account as being a presidential account as opposed to a personal account and, more importantly, uses the account to take actions that can be taken only by the President as President."), *appeal filed*, No. 18-1691 (2d Cir. Jun 05, 2018).

12.     Several Members of Congress expressed concern over the appointment, especially in light of the circumstances surrounding the legality of the appointment and Mr. Whitaker's prior statements relating to the Special Counsel investigation established by Rod Rosenstein in his capacity as then-Acting Attorney General.[2]  *See* Zoe Tillman, *The New Acting Attorney General Has Repeatedly Criticized Mueller's Investigation*, BuzzFeed News (Nov. 7, 2018), https://bit.ly/2FeRLNM; Nidhi Prakash, *House Democrats Are Ready To Investigate Trump — Starting With Why He Fired Jeff Sessions*, BuzzFeed News (Nov. 7, 2018), https://bit.ly/2VAIKU2; Chris Geidner, *Trump's New Acting Attorney General Is Already In Trouble. And He Just Started.*, BuzzFeed News (Nov. 11, 2018), https://bit.ly/2TFo9w9; Chris Geidner, *The Justice Department Says That Trump's Acting Attorney General Appointment Is Legal*, BuzzFeed News (Nov. 14, 2018), https://bit.ly/2LXtvjz; Zoe Tillman, *Senate Democrats Are Suing Over Matthew Whitaker's Appointment As Acting Attorney General*, BuzzFeed News (Nov. 19, 2018), https://bit.ly/2siXWYG.

13.     On November 10, 2018, BuzzFeed News reporter Chris Geidner made a request to a DOJ spokesperson for formal documentation of Mr. Whitaker's designation.  *See* Chris Geidner, *The White House Won't Say When Trump Formally Named Matthew Whitaker As Acting Attorney General*, BuzzFeed News (Nov. 20, 2018), https://bit.ly/2CbqiIH.

14.     On November 13, the DOJ referred Mr. Geidner to the White House.

15.     The following day, the DOJ, Office of Legal Counsel ("OLC") released a memorandum stating that Mr. Whitaker's designation as Acting Attorney General was "expressly authorized" under the relevant statutory scheme.  *See Memorandum for Emmet T.*

---

[2] U.S. Dep't of Justice, Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters* (May 17, 2017), https://bit.ly/2qupOcy.

*Flood, Counsel to the President, Re: Designating an Acting Attorney General*, (slip opinion) (Nov. 14, 2018).

16.     After the release of the OLC opinion, the White House acknowledged to BuzzFeed News that it sent a memorandum to Mr. Whitaker directing him to perform the duties and functions of the Office of Attorney General.

17.     The White House refused to disclose a copy of that memorandum to BuzzFeed News.

18.     White House spokesperson Raj Shah did, however, release a statement to BuzzFeed News:

> After accepting the resignation of Attorney General Jeff Sessions, the President signed a memorandum addressed to Matthew Whitaker, directing him to perform the functions and duties of the office of Attorney General, until the position is filled by appointment or subsequent designation.

19.     When Mr. Geidner pressed Mr. Shah for the date of the memorandum, Mr. Shah did not respond.

20.     On November 19, after pressed again, Mr. Shah responded that "[a]dditional information is relevant to ongoing litigation, unfortunately" and refused to produce the requested information or record.

21.     Neither Mr. Trump, the White House, the DOJ, nor any other government official or office has released the memorandum formally designating Mr. Whitaker as Acting Attorney General.

22.     On November 20, Mr. Geidner submitted a FOIA request to the DOJ for "President Donald J. Trump's memorandum directing Matthew Whitaker to perform the duties and functions of the office of attorney general."

23.     A true and correct copy of that request is annexed hereto as Exhibit A.[3]

24.     On November 30, 2018, the DOJ, Office of Information Policy on behalf of the Office of Attorney General acknowledged the request and granted expedited processing.

25.     A true and correct copy of that acknowledgment is annexed hereto as Exhibit B.[4]

26.     Despite the passage of twenty working days, the DOJ has not provided the requested document.

27.     Because the DOJ has failed to adhere to statutory mandates regarding timeliness in responding to the request, Plaintiff is deemed by statute to have fulfilled the administrative exhaustion requirement.

**B.      The Public Financial Disclosure Forms**

28.     Prior to Mr. Whitaker assuming the duties and function of the Office of Attorney General, he was appointed to Chief of Staff and Senior Counselor to then-Attorney General Sessions effective October 4, 2017.

29.     The Ethics in Government Act requires individuals occupying certain senior positions like Mr. Whitaker to file certain public financial disclosure forms within thirty days of assuming such a position, absent two extensions of forty-five days each.  *See* 5 C.F.R. § 2634.201(b)(1), (f); 5 C.F.R. § 2634.202(c).

30.     Thereafter, those senior officials, after occupying such a role for sixty days, must file an annual public financial disclosure form, again, absent two extensions of forty-five days each.  *See* 5 C.F.R. § 2634.201(a), (f).

---

[3] Exhibit A is erroneously dated June 19, 2018.  *Compare* Exhibit B (recognizing that the request was received by DOJ, Office of Information Policy on November 20, 2018).
[4] Exhibit B is, in turn, erroneously dated November 30, 2017.

31.     Pursuant to Office of Government Ethics regulations, "Each agency shall, within thirty days after any public report is received by the agency, permit inspection of the report by, or furnish a copy of the report to, any person who makes written application as provided by agency procedure."  *See* 5 C.F.R. § 2634.603(c).

32.     On November 20, 2018, the DOJ, Office of Public Affairs released Mr. Whitaker's New Entrant and Annual Reports (together, "Reports").  *See* Chris Geidner, *Whitaker New Entrant Form 278 Certified*, DocumentCloud (Nov. 20, 2018), https://bit.ly/2TEl4wd; Chris Geidner, *Whitaker Annual Form 278 Certified*, DocumentCloud (Nov. 20, 2018), https://bit.ly/2LZWrHO.

33.     Those Reports, however, indicated that they were revised on five separate occasions (Nov. 7, 2018; Nov. 8, 2018; Nov. 16, 2018; Nov. 19, 2018; Nov. 20, 2018) on or about the time Mr. Whitaker assumed the role of Acting Attorney General.

34.     On November 21, BuzzFeed News reporter Zoe Tillman submitted a FOIA request to DOJ, Justice Management Division for "[a]ll versions, including original and amended versions, of an Office of Government Ethics (OGE) Form 278e submitted by Acting Attorney General Matthew Whitaker since October 1, 2017."

35.     Ms. Tillman's request further sought, "All versions, including original and amended versions, of an Office of Government Ethics Form 278-T submitted by Acting Attorney General Matthew Whitaker since October 1, 2017."

36.     A true and accurate copy of that request is annexed hereto as Exhibit C.

37.     On November 26, 2018, the Justice Management Division acknowledged Ms. Tillman's request and advised Ms. Tillman that her request had been placed in the "complex" processing track.

38. A true and accurate copy of that acknowledgment is annexed hereto as Exhibit D.

39. On November 27, 2018, the DOJ, Departmental Ethics Office stated that the records requested were not available through FOIA and requested that Ms. Tillman complete an OGE-201 Request Form prior to releasing the public financial disclosure forms.

40. Ms. Tillman responded that same day explaining, "I believe you may misunderstand the nature of the FOIA request.  I have requested all versions in the Justice Department's possession of Acting Attorney General Whitaker's financial disclosure reports submitted since October 1, 2017, including original and amended versions."

41. That same day, the Departmental Ethics Office reiterated its position that such reports are not subject to disclosure under FOIA and that Ms. Tillman was required to complete the OGE-201 Request Form.

42. Thereafter, the undersigned wrote to the Departmental Ethics Office:

> You maintain that regulation 5 CFR § 2634.603 applies to the exclusion of FOIA and its exemptions.  You provide no statutory support for the assertion that this regulation can override FOIA's statutory disclosure requirements.  *See United States v. Larionoff*, 431 U.S. 864, 873 n. 12 (1977); *Gonzales & Gonzales Bonds & Ins. Agency Inc v. U.S. Dep't of Homeland Sec.*, 913 F.Supp.2d 865, 877-80 (N.D. Cal. 2012) (invalidating regulation inconsistent with the terms of FOIA). I'd note as well that similar such records have voluntarily been turned over in response to requests like Ms. Tillman's.  *See Defs. of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 6-7 (D.D.C. 2004) (in response to a FOIA request for SF 278 forms, court noted "DOI provided plaintiffs with copies of public financial disclosure reports filed by the named individuals and continued to process the request").

43. The following day, after Ms. Tillman completed the OGE-201 Request Form to expedite the process, the Departmental Ethics Office released to Ms. Tillman "Whitaker's most recent OGE-278 report."

44.     Ms. Tillman informed the Departmental Ethics Office that she had already received that report when it was released publicly and that she looked forward to her complete FOIA request for *all* versions of Mr. Whitaker's public financial disclosures being honored.

45.     On November 29, 2018, the undersigned was directed by the Departmental Ethics Office back to the Justice Management Division.

46.     A true and accurate copy of these communications is annexed hereto as Exhibit E.

47.     On November 29, the undersigned wrote to the the Justice Management Division contesting that Ms. Tillman's request was "complex" in nature, requesting that it be placed in the "simple" track, and seeking an estimated date of completion for processing the request.

48.     A true and accurate copy of that communication is annexed hereto as Exhibit F.

49.     On November 30, the Justice Management Division replied stating that "we understand that Zoe Tillman has already received the reports."

50.     The undersigned responded that Ms. Tillman had requested more records than what was previously produced, emphasizing that the request was for "***all*** versions in the Justice Department's possession of Acting Attorney General Whitaker's financial disclosure reports submitted ***since October 1, 2017***."

51.     On December 6, when the undersigned had not received a response to that communication, a follow-up email was sent to the Justice Management Division.

52.     The following day, the Justice Management Division responded that "[w]e acknowledge that the request seeks 'all versions in the Justice Department's possession of Acting Attorney General Whitaker's financial disclosure reports submitted since October 1, 2017.' The request is under review and we will provide a formal response in the coming weeks.'"

53.     Finally, the undersigned responded that "[w]e look forward to your response by December 20," *i.e.*, the deadline under FOIA.

54.     A true and accurate copy of these communications is annexed hereto as Exhibit G.

55.     Since the December 7, 2018 communication, the Justice Management Division has not provided the requested records.

56.     Because the Justice Management Division has failed to adhere to statutory mandates regarding timeliness in responding to the request, Plaintiff is deemed by statute to have fulfilled the administrative exhaustion requirement.

## COUNT I – VIOLATION OF FOIA

### (Acting Attorney General Memorandum)

57.     The above paragraphs are incorporated herein.

58.     Defendant is an agency subject to FOIA.

59.     Plaintiff made a FOIA request to Defendant for agency records of Defendant.

60.     The requested record is not exempt from disclosure.

61.     Defendant has failed to produce the requested record.

## COUNT II – VIOLATION OF FOIA

### (Public Financial Disclosure Forms)

62.     The above paragraphs are incorporated herein.

63.     Defendant is an agency subject to FOIA.

64.     Plaintiff made a FOIA request to Defendant for agency records of Defendant.

65.     The requested records are not exempt from disclosure.

66.     Defendant has failed to produce the requested records.

//

**WHEREFORE**, Plaintiff asks the Court to:

i.      Order Defendant to search for and produce the records;

ii.     Award Plaintiff attorney's fees and costs; and

iii.    Enter any other relief the Court deems appropriate.

DATED: January 11, 2019

Respectfully Submitted,

/s/ Matthew L. Schafer

Attorney for Plaintiffs

Matthew Schafer (D.C. Bar 1008728)
BUZZFEED, INC.
111 East 18th Street, 14th Floor
New York, NY 10003
Tel.: (646) 798-0693
Fax: (212) 431-7461
Matthew.Schafer@BuzzFeed.com