UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
BUZZFEED, INC.,                         )
                                        )
    *Plaintiff*,                         )
                                        )
v.                                      ) Civil Action No. 19-0070 (TNM)
                                        )
U.S. DEPARTMENT OF JUSTICE,             )
                                        )
    *Defendant*.                        )
_____  )

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Defendant, U.S. Department of Justice ("Defendant"), by and through undersigned counsel, respectfully submits the following Amended Answer to Plaintiff's Complaint filed on January 11, 2019, and states as follows:

### Affirmative Defenses

1. Some of the records requested in Plaintiff's Freedom of Information Act ("FOIA") request are exempt in whole or in part under the FOIA.

2. The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

3. The Complaint violates Federal Rule of Civil Procedure ("Rule") 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**Defendant's Responses to the Numbered Paragraphs in Plaintiff's Complaint**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. Defendant admits, denies, or otherwise answers the numbered paragraphs in the complaint as follows:

1. This paragraph contains Plaintiff's characterization of this FOIA action, to which no response is required.

## PARTIES[1]

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Admit that Defendant is a federal agency. The remainder of this paragraph consists of a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

4. This paragraph consists of conclusions of law regarding jurisdiction to which no response is required.

5. This paragraph consists of conclusions of law regarding venue to which no response is required.

## BACKGROUND

6-20. The allegations in these paragraphs contain Plaintiff's characterization of alleged background information that is immaterial and impertinent to this FOIA lawsuit and to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

21. Denied as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22. Defendant admits that Plaintiff submitted the FOIA request attached at Exhibit A to Plaintiff's complaint to the Department of Justice, Office of Information Policy ("OIP"). Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Admitted.

24. Defendant admits providing an acknowledgement letter to Plaintiff dated November 30, 2017, and respectfully refers the Court to that letter, attached at Exhibit B to Plaintiff's complaint, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Admitted.

26. Denied. Defendant avers that OIP issued a final response to Plaintiff, dated December 10, 2018, which included a copy of the requested memorandum.

27. This paragraph consists of conclusions of law to which no response is required.

28-33. The allegations in these paragraphs contain Plaintiff's characterization of alleged background information that is immaterial and impertinent to this FOIA lawsuit and to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

34. Defendant admits that Plaintiff submitted a FOIA request to the Department of Justice, Justice Management Division attached at Exhibit C to Plaintiff's complaint. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

35.     Defendant respectfully refers the Court to the request attached at Exhibit C to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

36.     Admit.

37.     Defendant respectfully refers the Court to the communications attached at Exhibit D to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

38.     Admit.

39.     Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

40.     Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

41.     Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

42.     Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

43.     Admit that JMD released Whitaker's most recent OGE-278 report. The remainder of the paragraph is a characterization of events to which no response is required.

44. Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

45. Defendant respectfully refers the Court to the communications attached at Exhibit E to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

46. Admit.

47. Defendant respectfully refers the Court to the communications attached at Exhibit F to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

48. Admit.

49. Defendant respectfully refers the Court to the communications attached at Exhibit G to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

50. Defendant respectfully refers the Court to the communications attached at Exhibit G to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

51. Defendant respectfully refers the Court to the communications attached at Exhibit G to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

52. Defendant respectfully refers the Court to the communications attached at Exhibit G to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

53. This final clause of this paragraph consists of a conclusion of law to which no response is required.  As to the remainder of this paragraph, Defendant respectfully refers the Court to the communications attached at Exhibit G to Plaintiff's complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

54. Admit.

55. Admit.

56. This paragraph consists of conclusions of law to which no response is required.

### COUNT I

57. Defendant incorporates by reference its responses to paragraphs 1-56 above.

58. Admit.

59. Admit that Plaintiff made a FOIA request to Defendant.  The remainder of this paragraph consists of a legal conclusion to which no response is required.

60. This paragraph consists of a legal conclusion to which no response is required.

61. Denied and aver that the Office of Information Policy, through counsel, issued a final response to Plaintiff on February 25, 2019, which included a copy of the requested record.

### COUNT II

62. Defendant incorporates by reference its responses to paragraphs 1-61 above.

63. Admit.

64. Admit that Plaintiff made a FOIA request to Defendant.  The remainder of this paragraph consists of a legal conclusion to which no response is required.

65. This paragraph consists of a legal conclusion to which no response is required.

66. Admit that JMD has not provided a final response to Plaintiff's FOIA request.  The remainder of this paragraph consists of a legal conclusion to which no response is required.

The remainder of the Complaint consists of Plaintiff's requests for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.

        Respectfully Submitted,

        JESSIE K. LIU
        D.C. BAR # 472845
        United States Attorney
        for the District of Columbia

        DANIEL F. VAN HORN
        D.C. BAR # 924092
        Civil Chief

By:   /s/
        CHRISTOPHER C. HAIR, Pa. BAR # 306656
        Assistant United States Attorney
        U.S. Attorney's Office
        555 4th Street, N.W. - Civil Division
        Washington, D.C. 20530
        (202) 252-2541
        Christopher.Hair@usdoj.gov

*Counsel for Defendant*