IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF D.C.

| | | |
|---|---|---|
| BUZZFEED INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-70 (TNM) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF BUZZFEED INC.'S COMBINED MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARYJUDGMENT**

### I.   INTRODUCTION AND BACKGROUND

Following Defendant DOJ's belated production of records after this lawsuit was filed, the issue now before the Court involves only one simple thing: disclosure of ethics forms that federal employees are required by law to submit and know will be publicly disclosed if they comply with applicable law. DOJ has not proven that these completed forms themselves reflect any agency policy deliberations, or that it would be a significant invasion of privacy to disclose them.

### II.   LEGAL STANDARDS

FOIA limits agencies' ability to keep records secret and reflects a policy favoring disclosure. *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 754 (1989). A central purpose of FOIA is to "check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Thus, FOIA requires transparency unless a statutory exemption applies. *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001). Agencies must prove that withheld information is exempt, *Boyd v. DOJ*, 475 F.3d 381, 385 (D.C. Cir. 2007), and all exemptions are

narrowly construed, *Judicial Watch, Inc. v. Nat'l Archives & Records Admin.*, 214 F. Supp. 3d 43, 51 (D.D.C. 2016), *aff'd* 876 F.3d 346 (D.C. Cir. 2017).  Courts review agency determinations *de novo*.  *Houser v. U.S. Dep't of Health & Human Servs.*, 270 F. Supp. 3d 237, 240 (D.D.C. 2017).

Summary judgment for the government in a FOIA case is appropriate only when it "proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."  DOJ FOIA Guide, Litigation Considerations, at 105, https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/litigation-considerations.pdf (last accessed June 24, 2019); *Media Res. Ctr. v. DOJ*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011); *Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119 (D.D.C. 2005).  To meet this burden, an agency generally must provide a "detailed description of the information withheld," which must be "sufficiently detailed" and disclose "as much information as possible without thwarting the exemption's purpose."  *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 98 (D.D.C. 2019) (internal citations and quotation omitted).  Supporting affidavits and declarations must be "clear, specific, reasonably detailed," and describe the withheld information "in a factual and nonconclusory manner," all in the absence of any "evidence of agency bad faith."  DOJ FOIA Guide, Litigation Considerations, at 106.  Legal conclusions are disregarded.  *Id*. at 108; *Petrucelli v. DOJ*, 51 F. Supp. 3d 142, 169 (D.D.C. 2014).

### III.  ARGUMENT

**A. DOJ Has Not Proven Its Deliberative Process Claims Over Mr. Whitaker's Legally Mandated Ethics Submissions**

For a record to qualify for the deliberative process privilege, it "must be both pre-decisional and deliberative." *Abtew v. U.S. Dep't of Homeland Sec.*, 808 F.3d 895, 898 (D.C. Cir. 2015).  "It bears emphasizing at the outset that '[t]he need to describe each withheld document when Exemption 5 is at issue is particularly acute because 'the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process.'"  *Elec. Frontier Found. v. DOJ*, 826 F. Supp. 2d 157, 167–68 (D.D.C. 2011) (citing and quoting *Animal Legal Defense Fund, Inc. v. Dep't of the Air Force,* 44 F. Supp. 2d 295, 299 (D.D.C. 1999) (quotation omitted)).  Exemption 5 must be construed "as narrowly as consistent with efficient Government operation." *EPA v. Mink*, 410 U.S. 73, 87 (1973) (quoting S.REP. No. 813, 89th Cong., 1st Sess. 9 (1965)).

Here, DOJ has told us nothing about the administrative process surrounding OGE Form 278e submissions or the role that the submission plays in any agency deliberations.  Rather, DOJ makes vague claims about some sort of discussions between OGE and Mr. Whitaker about deficiencies in his forms, but DOJ fails to place these discussions into their specific administrative context so BuzzFeed, and the Court, can properly assess whether this was truly a policy deliberation, and if so, how the *forms* fit into that process.  This is reason enough to deny DOJ's motion for summary judgment and order the release of the various forms Mr. Whitaker submitted.

While neither BuzzFeed nor the Court are required to conduct extensive research on this administrative process to fill in the blanks left by DOJ, based on the information available on the OGE website, it appears Form 278e itself plays absolutely no role in any administrative

deliberative process. Rather, federal employees are required by law to complete the form, making various disclosures about their financial interests, and provide it to OGE. *See* OGE Website, Public Financial Disclosure Guide, https://www.oge.gov/Web/278eGuide.nsf/Chapters/Public%20Financial%20Disclosure%20Guide?opendocument (last accessed June 26, 2019). While it is certainly possible that in *response* to faulty submissions, some deliberations occurred within OGE about what Mr. Whitaker was required to provide, BuzzFeed has not sought those communications, or even communications between OGE and Mr. Whitaker, which could hardly be said to be agency deliberations anyway. *See* DOJ FOIA Guide, Exemption 5, at 15 (communication must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters" (case law citations omitted)); *id.* at 25-26 (to be deliberative, document must be "assessing the merits of a particular viewpoint, or by articulating the process used by the agency to formulate a decision" (case law citations omitted)). Because Mr. Whitaker's Form 278e submissions could not possibly have made any recommendations or expressed any opinions, they are not deliberative.

Further, DOJ has not identified any *policy* matter, or anything remotely close to a policy matter, that is discussed in these forms. According to DOJ itself, the deliberative process exemption applies to communications "antecedent to the adoption of an agency policy." DOJ FOIA Guide, Exemption 5, at 15, https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption5.pdf; *see also Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (Ginsburg, J.) (deliberative process exemption "is centrally concerned with protecting the process by which *policy* is formulated"; "when material could not reasonably be said to reveal an agency's or

official's mode of formulating or exercising policy-implicating judgment, the deliberative process privilege is inapplicable" (emphasis in original)). DOJ offers no evidence that Mr. Whitaker's OGE Form 278e submissions were part of any development of agency policy, and such a claim would be completely implausible. Thus, the submissions are indistinguishable from the materials found not subject to Exemption 5 in *Petroleum Information Corp.*:

> A second salient characteristic of the information at issue is its lack of association with a significant policy decision. The Bureau's mission in creating the ALMRS, while challenging and important, is essentially technical and facilitative. BLM's task is to organize public records in a more manageable form, and to correct any errors it finds in the process. We see nothing in this endeavor akin to the political concerns implicated in locating military bases that figured in *Quarles*, 893 F.2d at 393, or the interpretation of "complex and controversial events" critical to the writing of official histories.

976 F.2d at 1437.

Finally, DOJ has not satisfied the foreseeable-harm requirement. Under the 2016 amendments to the FOIA statute, DOJ must prove either (1) a legal prohibition against release, or (2) that "the agency reasonably foresees that disclosure would harm an interest protected by an exemption[.]" 5 U.S.C. § 552(a)(8)(A)(i). In passing these amendments, "Congress sought to establish a 'presumption of openness' in FOIA." *Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d 62, 72–73 (D.D.C. 2018). This was "based on the recognition that 'from the beginning, agencies have taken advantage of these exemptions to withhold any information that might technically fit.'" *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, No. 17-CV-1283 (EGS), 2019 WL 1317557, at *5 (D.D.C. Mar. 22, 2019) (quoting 162 Cong. Rec. H3714-01, H3717162 (2016) (noting that although some agencies "have made an effort to comply with the letter of the law, very few have complied with the spirit of the law").

To satisfy this heightened requirement, the agency must "articulate both the nature of the harm and the link between the specified harm and specific information contained in the material

withheld." *Judicial Watch*, 2019 WL 1317557, at *5 (quoting H.R. Rep. No. 114-391, at 9 (2016)). "Boilerplate" language is insufficient. *Id*. Similarly, the Senate Report for the bill explains that "mere speculative or abstract fears . . . are an insufficient basis for withholding information." S. Rep. No. 114–4, at 8 (2015). As elsewhere in the exemption analysis, the government bears the burden of proof on foreseeable harm. *Judicial Watch, Inc.*, 2019 WL 1317557, at *3.

DOJ's declaration does not establish foreseeable harm because it does not "articulate both the nature of the harm and the link between the specified harm and specific information contained in the material withheld." Dkt. # 54-3 at ¶¶ 26-38. Just as in *Judicial Watch*, DOJ's "general explanations," "fall short of articulating 'a link between the specified harm and specific information contained in the material withheld.'" And in any event, no such harm could possibly be foreseeable: the class of document BuzzFeed has requested is one that federal employees are *required* by law to submit. Thus, disclosing these mandatory forms could not possibly chill those submissions.

### B. DOJ Has Not Proven Its Privacy Claims Over Mr. Whitaker's Legally Mandated Forms Either

Exemption 6 provides that agencies need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). For Exemption 6 to apply, a "substantial" privacy interest must outweigh the public interest in disclosure. *Judicial Watch, Inc. v. Dep't of the Navy*, 25 F. Supp. 3d 131, 138, 141 (D.D.C. 2014). Exemption 6's "clearly" unwarranted language creates a "heavy burden" for government agencies to overcome. *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007) (quotations and citations omitted). Similarly, the presumption in favor of disclosure is "as strong as can be found anywhere in the statute." *Id*. (quotation and citation

omitted). Thus, Exemption 6's requirement that disclosure be "clearly unwarranted" requires courts to "tilt the balance (of disclosure interests against privacy interests) in favor of disclosure." *Id*. (quotation and citation omitted).

When Mr. Whitaker submitted each version of his Form 278e, he presumably did so because he believed it satisfied his legal obligations and would be accepted, certified, and published to the world. *See* OGE Public Financial Disclosure Guide ("Transparency is a critical part of government ethics, and Congress has determined that the citizens should know their leaders' financial interests. To facilitate such transparency, Congress enacted the financial disclosure provisions of the Ethics in Government Act. The Act imposes detailed requirements for public financial disclosure by senior United States Government officials."). Certainly as the Acting Attorney General of the United States, and as the Chief of Staff for the Attorney General, Mr. Whitaker could be expected to have understood his legal obligations and that his submissions would be publicly disclosed if he successfully complied with the law, as he no doubt believed he was doing or he would not have made the submissions. The fact that Mr. Whitaker was required to revise and resubmit the form does nothing to change this reality, and certainly does not establish any substantial privacy interest.

Because there is no privacy interest in these forms, BuzzFeed need not even show any public interest in disclosure. DOJ FOIA Guide, Exemption 6, at 2-3 ("Similarly, if significant privacy interests are not threatened by disclosure, further analysis is unnecessary and the information at issue must be disclosed."); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)). But as the D.C. Circuit has recognized, even under the more protective standards for Exemption 7(C), there is a significant public interest in "the manner in which the DOJ carries out substantive law enforcement policy," especially when it involves the

- 8 -

application of that policy to a "prominent" public official. *Citizens for Responsibility & Ethics in Washington v. DOJ*, 746 F.3d 1082, 1093 (D.C. Cir. 2014). Similarly, there is a substantial public interest in understanding how OGE applied the relevant standards to Mr. Whitaker's ethics disclosures. But again, there is no substantial privacy interest anyway.

## IV. CONCLUSION

For these reasons, summary judgment should be denied to DOJ and granted to BuzzFeed.

RESPECTFULLY SUBMITTED,

*Matthew V. Topic*

_____

Attorneys for Plaintiff

Matthew Topic
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com
DC Bar No. IL0037

## CERTIFICATE OF SERVICE

I, Matthew Topic, an attorney, hereby certify that on June 28, 2019, I caused the foregoing PLAINTIFF BUZZFEED INC.'S COMBINED MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARYJUDGMENT to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Matthew V. Topic*